## Hillie v. Slovenian Savings & Loan Association

Before McCann, P. J., McKenrick and Griffith, JJ.

*Samuel R. Di Francesco*, for plaintiff.

*Edward J. Harkins*, for estate of Theodore Coleman.

McKENRICK, J., December 22, 1948.—Margaret Hillie brought an action in assumpsit against Slovenian Savings & Loan Association to recover the sum of $719 deposited with defendant by one Theodore Coleman, now deceased.

The Slovenian Savings & Loan Association is a corporation, having its principal office in the Borough of East Conemaugh, County of Cambria and State of Pennsylvania, and engaged in the savings and loan business. On or about May 21, 1947, Theodore Coleman opened an optional savings account with defendant, being account no. 1381, and deposited the sum of $719. The account was opened on the books of the loan

association as follows: "Theodore Coleman, P. O. D. to Margaret Hillie." Theodore Coleman died on May 29, 1947, and Robert J. Wharton, Esq., was appointed administrator of his estate, and claimed the fund on deposit for the benefit of said estate. Slovenian Savings & Loan Association while named as defendant in this proceeding, is admittedly a stakeholder and has no interest in the outcome of the proceeding.

Testimony given by Robert A. Gabrenya, assistant secretary of the loan association, indicated that Mr. Gabrenya was called to the Coleman home about May 21, 1947, and Mr. Coleman, the deceased, directed the deposit to be made in the name of himself. It clearly appears from the testimony of Mr. Gabrenya that the loan association regarded Coleman as the owner of the fund during his lifetime and would not have paid any of the fund to Margaret Hillie, the person named as beneficiary upon the death of Coleman.

At the close of plaintiff's case, counsel for the administrator moved for a compulsory nonsuit for the following reason:

"The plaintiff has proven that this account was opened in the name of Theodore Coleman, with the distinct understanding that it would be payable to Margaret Hillie upon the death of Theodore Coleman; that Theodore Coleman retained the entire control and possession of such account during his lifetime; Margaret Hillie couldn't withdraw any part of the account during the lifetime of Theodore Coleman, therefore, the plaintiff isn't entitled to recover because there isn't sufficient proof to sustain a gift causa mortis, there is absolutely no proof of delivery to the plaintiff, and this is an oral disposition of property in contemplation of death and could only be sustained as a noncupative will in the manner provided by law to prove the same, and, therefore, the defendant is entitled to the entry of a compulsory nonsuit against the plaintiff.

"We add to our motion, too, the reason that there is no evidence to sustain a gift inter vivos."

The court sustained the motion for compulsory nonsuit and entered same, with leave on the part of plaintiff to move to take off the nonsuit within four days. Motion to take off the nonsuit was filed and argued before the court en banc.

We are of opinion that the compulsory nonsuit was properly entered, and no sufficient reason has been shown for us to change our ruling at the time of the trial.

We might suggest that the term "P. O. D." is something new in the procedure whereby banks and savings and loan institutions accept deposits. The letters "P. O. D." appear upon bonds issued by the United States Government and are designed to permit the original obligee to retire the bond or, in the event of his death, to pass his right to the optional obligee. However, the rules relating to gifts inter vivos and gifts causa mortis in Pennsylvania have not been affected by any such innovation on the part of the United States Government with respect to its own obligations. The fund in this case was not delivered to Margaret Hillie, nor did she have any interest in the fund during the lifetime of Theodore Coleman. He could have demanded return of the deposit at any time without the joinder of Margaret Hillie and no interest in the fund accrued to her until after the death of the depositor by the terms of the deposit agreement. The conditions and requirements surrounding such gifts are not complied with and under the law of Pennsylvania the fund, at the death of Theodore Coleman, became a part of his estate and passed to his administrator. The evidence was not disputed and the only question before us is the proper application of the principle of law to the admitted facts.

We, therefore, enter the following

*Decree*

And now, December 22, 1948, after argument and upon due consideration, the motion to take off compulsory nonsuit is denied and judgment is here entered in favor of Robert J. Wharton, Esq., administrator of the estate of Theodore Coleman, deceased.